UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MATTEL, INC.,                                    :

                           Plaintiff,   :

            -against-                       :                 21 Civ.

THE ENTITIES DOING BUSINESS AS   :
UNICORN ELEMENT AT THE URL
UNICORNELEMENT.NET, THE              :
ENTITIES DOING BUSINESS AS THE
PAYPAL MERCHANT, THE                   :
ENTITIES DOING BUSINESS USING
THE EMAIL ADDRESS                         :
CHRIS_WONG601@YAHOO.COM,
THE ENTITIES DOING BUSINESS        :
ON AMAZON.COM UNDER THE
BRAND NAME ZITA ELEMENT,          :
UNDER THE STORE NAME ZITA
ELEMENT, AND/OR UNDER              :
THE BUSINESS NAME YANG
LIUHUI, THE ENTITIES DOING          :
BUSINESS ON AMAZON.COM
UNDER THE BRAND NAME ECORE     :
FUN, UNDER THE STORE NAME
EC2TOY, AND/OR UNDER THE         :
BUSINESS NAME HUANG QIONG,
EMMS TRADING GMBH, ZHIJIAN LI,  :
YANG LIUHUI, HUANG QIONG,
JOHN DOE NOS. 1-5, AND ABC          :
ENTITY NOS. 1-5,

                                 :

                    Defendants.

                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## COMPLAINT AND JURY DEMAND

Plaintiff Mattel, Inc. ("Mattel"), for its complaint against (i) the entities doing business as

Unicorn Element at the URL www.unicornelement.net ("Unicorn Element"), (ii) the entities

doing business as the PayPal, Inc. ("PayPal") merchant 黄琼 (the "PayPal Merchant"), (iii) the

entities doing business using the email address Chris_Wong601@yahoo.com

("Chris_Wong601@yahoo.com"), (iv) the entities doing business on amazon.com under the

brand name Zita Element, under the store name Zita Element, and/or under the business name

Yang Liuhui (collectively, "Zita Element"), (v) the entities doing business on amazon.com under

the brand name Ecore Fun, under the store name EC2Toy, and/or under the business name

Huang Qiong (collectively, "Ecore Fun"), (vi) EMMS Trading GmbH ("EMMS"), (vii) Zhijian

Li ("Li"), (viii) Yang Liuhui ("Liuhui"), (ix) Huang Qiong ("Qiong"), (x) John Doe Nos. 1-5,

and (xi) ABC Entity Nos. 1-5, (collectively, "Defendants"), alleges:

<u>Nature of the Action</u>

1.    Mattel is bringing this action because Defendants have infringed Mattel's

Registered Trademark No. 3,287,023 for its BARBIE® mark and/or Mattel's registered

copyright VA 1-843-492 for the work "Barbie A Fashion Fairytale Fall 2010 Entertainment Style

Guide."

<u>Jurisdiction and Venue</u>

2.    The Court has subject matter jurisdiction over Mattel's claims in this action

pursuant to 28 U.S.C. §§ 1331 and 1338 because those claims arise under the laws of the United

States.

3.    Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part

of the events and omissions giving rise to the claims occurred in this District.

4.    The Court has personal jurisdiction over the Defendants pursuant to New York

CPLR § 302(a)(1) because they have contracted to supply goods in this State, or shipped goods

into this State, from which the present claims arise.

### The Parties to this Action

5.      Mattel is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in El Segundo, California.

6.      Upon information and belief, Unicorn Element is an entity, or group of entities, whose place of organization and principal place of business is currently unknown but is, upon information and belief, in the People's Republic of China ("China") or Germany.

7.      Upon information and belief, the PayPal Merchant is an entity, or group of entities, whose place of organization and principal place of business is currently unknown but is, upon information and belief, in China or Germany.

8.      Upon information and belief, Chris_Wong601@yahoo.com is an entity, or a group of entities, whose place of organization and principal place of business is currently unknown but is, upon information and belief, in China or Germany.

9.      Upon information and belief, Zita Element is an entity, or group of entities, whose place of organization and principal place of business is currently unknown but is, upon information and belief, in China or Germany.

10.     Upon information and belief, Ecore Fun is an entity, or group of entities, whose place of organization and principal place of business is currently unknown but is, upon information and belief, in China or Germany.

11.     Upon information and belief, EMMS is an entity organized and existing under the laws of Germany, with its principal place of business in Germany.

12.     Upon information and belief, Li is a natural person, whose residence is currently unknown but is, upon information and belief, in China.

3

13.     Upon information and belief, Liuhui is a natural person, whose residence is currently unknown but is, upon information and belief, in China.

14.     Upon information and belief, Qiong is a natural person, whose residence is currently unknown but is, upon information and belief, in China.

15.     Upon information and belief, John Doe Nos. 1-5 are natural persons who are associates of Unicorn Element, the PayPal Merchant, Chris_Wong601@yahoo.com, Zita Element, Ecore Fun, EMMS, Li, Liuhui, and/or Qiong, whose identity and residence are unknown, but are, upon information and belief, outside the State of New York.

16.     Upon information and belief, ABC Entity Nos. 1-5 are entities who are associates of Unicorn Element, the PayPal Merchant, Chris_Wong601@yahoo.com, Zita Element, Ecore Fun, EMMS, Li, Liuhui, and/or Qiong, whose state or country of incorporation or organization are unknown, but are, upon information and belief, outside the State of New York.

<u>Background of this Action</u>

17.     Mattel, with its family of companies, manufactures consumer products and is one of the world's most successful manufacturers and marketers of toys, games, and playthings.

18.     Mattel manufactures, among other things, dolls, doll clothes, and doll accessories, which it advertises and distributes using the mark BARBIE®.

A.      <u>Mattel's Ownership of the BARBIE® Mark</u>

19.     The BARBIE® mark is registered on the Principal Register of the U.S. Patent & Trademark Office as U.S. Trademark Registration No. 3,287,023 (the "BARBIE® Registration"), for, among other things, "doll clothing and accessories." The BARBIE® Registration is valid and subsisting. Mattel owns the BARBIE® Registration. A true and correct copy of the BARBIE® Registration is attached as Exhibit A.

20.     Mattel has used the mark BARBIE® in connection with the sale of doll clothing and doll accessories in interstate commerce since at least as early as 1960.  Mattel's rights in the BARBIE® mark are valid and subsisting.

21.     The BARBIE® mark is inherently distinctive, and its intrinsic nature serves to identify Mattel as the source of the goods.

22.     Upon information and belief, the BARBIE® mark is famous throughout the United States, and the general public recognizes the BARBIE® mark as indicating Mattel as the source of the products.

23.     Upon information and belief, the general public associates the BARBIE® mark with high quality, distinguishing Mattel's products from those of its competitors.

B.     Mattel's Ownership of the Copyright in the BARBIE® Illustration

24.     Mattel uses collections of illustrations in connection with its sales and marketing. One of Mattel's collections of illustrations is entitled "Barbie A Fashion Fairytale Fall 2010 Entertainment Style Guide" (the "Style Guide") which contains a certain illustration of a BARBIE® doll (the "BARBIE® Illustration").

25.     Mattel is the author of the Style Guide, including the BARBIE® Illustration, and has at all times been the sole owner of all right, title and interest in the copyright in it.

26.     Mattel registered the copyright in the Style Guide, including the BARBIE® Illustration, with the United States Copyright Office.  On or about January 22, 2013, Mattel received for this work United States Copyright Registration Number VA 1-843-492 (the "BARBIE® Illustration Registration"), which is valid and enforceable.  A copy of BARBIE® Illustration Registration is attached as Exhibit B, and a copy of a portion of the copyright deposit which contains the BARBIE® Illustration is attached as Exhibit C.

C.     Defendants' Infringing Activities

27.     Upon information and belief, Defendants are engaged in the sale and distribution of doll clothes and accessories.

28.     Upon information and belief, Defendants Unicorn Element, the PayPal Merchant, Chris_Wong601@yahoo.com, Ecore Fun, Li, Qiong, John Doe Nos. 1-5, and ABC Entity Nos. 1-5 (collectively, the "Trademark Defendants") used "BARBIE" as a mark in connection with doll clothes and accessories, in interstate and international commerce, after Mattel first used the BARBIE® mark in commerce.

29.     Mattel has not licensed, or otherwise authorized, the Trademark Defendants to use Mattel's BARBIE® mark.

30.     Upon information and belief, the Trademark Defendants' infringement of the BARBIE® mark was intentional and/or reckless.

31.     Upon information and belief, the Defendants Unicorn Element, the PayPal Merchant, Chris_Wong601@yahoo.com, Zita Element, EMMS, Li, Liuhui, Qiong, John Doe Nos. 1-5, and ABC Entity Nos. 1-5 (collectively, the "Copyright Defendants") reproduced and/or distributed a copy of the BARBIE® Illustration, without authorization, in connection with their product packaging.

32.     Mattel has not licensed, or otherwise authorized, the Copyright Defendants to reproduce, and/or distribute copies of the BARBIE® Illustration.

33.     Upon information and belief, the Copyright Defendants' infringement of the copyright in the BARBIE® Illustration was intentional and/or reckless.

6

A FIRST CLAIM FOR RELIEF
(Trademark Infringement Under 15 U.S.C. § 1114(1)(a) – Against The Trademark Defendants)

34.     Mattel hereby incorporates by reference the allegations contained in paragraphs 1 through 33 above as if fully stated herein.

35.     The BARBIE® mark is valid and enforceable.

36.     The BARBIE® Registration is valid and enforceable.

37.     Mattel did not consent to the Trademark Defendants' use of the BARBIE® mark in connection with the sale of doll clothes and accessories, or otherwise.

38.     The Trademark Defendants' uses of "BARBIE" in connection with the sale of their doll clothes and accessories are identical to the BARBIE® mark.

39.     The Trademark Defendants' use in commerce of "BARBIE" for doll clothes and accessories is likely to cause confusion as to the source or sponsorship of the Trademark Defendants' products, and to deceive purchasers as to the affiliation, connection, or association of Mattel with those products.

40.     Upon information and belief, at the time the Trademark Defendants began using "BARBIE" the Trademark Defendants knew of (i) Mattel's ownership of the BARBIE® mark, and (ii) the valuable goodwill and reputation of the BARBIE® mark.

41.     The Trademark Defendants' acts constitute an infringement of Mattel's BARBIE® mark in violation of the Lanham Act, 15 U.S.C. § 1114(1)(a).

42.     As a direct and proximate result of the Trademark Defendants' infringing acts, Mattel has suffered and will continue to suffer damage to its business reputation and goodwill. The Trademark Defendants will continue, unless restrained, to use "BARBIE," and will cause irreparable damage to Mattel. Mattel has no adequate remedy at law. Mattel is entitled to an injunction, pursuant to 15 U.S.C. § 1116(a), restraining the Trademark Defendants, their officers,

agents, servants, employees and attorneys, and all persons acting in concert with any of them, from engaging in further acts of trademark infringement.

43.     Mattel is further entitled to recover from the Trademark Defendants the actual damages it sustained as a result of the Trademark Defendants' infringing acts, and the Trademark Defendants' profits from its infringing acts, pursuant to 15 U.S.C. § 1117(a), in an amount to be determined by the trier of fact.

44.     Because of the willful nature of the Trademark Defendants' infringing acts, Mattel is entitled to an award of treble damages or treble profits under 15 U.S.C. § 1117(a).

45.     Mattel is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a).

A SECOND CLAIM FOR RELIEF
(Trademark Counterfeiting Under 15 U.S.C. § 1116(d)(1) – Against The Trademark Defendants)

46.     Mattel hereby incorporates by reference the allegations contained in paragraphs 1 through 45 above as if fully stated herein.

47.     The Trademark Defendants have infringed Mattel's BARBIE® mark through the use of a counterfeit mark within the meaning of 15 U.S.C. § 1116(d)(1)(B).

48.     The Trademark Defendants intentionally used a counterfeit of Mattel's BARBIE® mark.

49.     As a result of the Trademark Defendants' intentional use of a counterfeit of Mattel's BARBIE® mark, Mattel is entitled pursuant to 15 U.S.C. § 1117(b) to recover treble its damages or treble the Trademark Defendants' profits from the sale of their "BARBIE" products.

50.     Alternatively, as a result of the Trademark Defendants' intentional use of a counterfeit of Mattel's BARBIE® mark, Mattel is entitled to statutory damages of not less than $1,000, but not more than $2,000,000, pursuant to 15 U.S.C. § 1117(c).

8

51.     Mattel is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(b).

A THIRD CLAIM FOR RELIEF
(False Designation of Origin Under 15 U.S.C. § 1125(a) – Against The Trademark Defendants)

52.     Mattel hereby incorporates by reference the allegations contained in paragraphs 1 through 51 above as if fully stated herein.

53.     The Trademark Defendants' actions with respect to their marketing and selling "BARBIE" products constitute a false designation of origin in violation of 15 U.S.C. § 1125(a).

54.     The Trademark Defendants' use of the term "BARBIE" functions to falsely identify the source of their doll clothes and accessories.

55.     As a direct and proximate result of the Trademark Defendants' wrongful acts, Mattel has suffered, and continues to suffer, damage to its business reputation and goodwill. The Trademark Defendants will continue, unless restrained, to use the "BARBIE" mark and will cause irreparable damage to Mattel.  Mattel has no adequate remedy at law.  Mattel is entitled to an injunction, pursuant to 15 U.S.C. § 1116(a), restraining the Trademark Defendants, their officers, agents, servants, employees and attorneys, and all persons acting in concert with any of them, from engaging in further acts of false designation of origin.

56.     Mattel is also entitled to recover from the Trademark Defendants the actual damages Mattel sustained as a result of the Trademark Defendants' infringing acts, and/or the Trademark Defendants' profits from their infringing acts, pursuant to 15 U.S.C. § 1117(a), in an amount to be determined by the trier of fact.

57.     Because of the willful nature of the Trademark Defendants' wrongful acts, Mattel is entitled to an award of treble damages or treble profits pursuant to 15 U.S.C. § 1117(a).

58.     Mattel is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a).

A FOURTH CLAIM FOR RELIEF
(Federal Trademark Dilution Under 15 U.S.C. § 1125(c) –Against The Trademark Defendants)

59.     Mattel hereby incorporates by reference the allegations contained in paragraphs 1 through 58 as if fully stated herein.

60.     The BARBIE® mark is inherently distinctive and has acquired distinction through long, continuous, and exclusive use for the BARBIE® products and related items.

61.     Mattel has promoted BARBIE® products throughout the United States and worldwide under its BARBIE® mark.  As a result of such promotion and national recognition, Mattel's BARBIE® mark has become recognized nationally and internationally as the goods of Mattel.

62.     Mattel's BARBIE® mark is famous within the meaning of 15 U.S.C. § 1125(c).

63.     The Trademark Defendants' activities in commerce were conducted with full recognition of Mattel's worldwide use of its BARBIE® mark and commenced after the mark had become famous.  Such activities have diluted, and will continue to dilute, the distinctive quality of Mattel's BARBIE® mark by lessening the trademark's capacity to identify and distinguish Mattel's goods and by tarnishing the trademark in violation of 15 U.S.C. § 1125(c)(1).

64.     As a direct and proximate result of the Trademark Defendants' wrongful acts, Mattel has suffered and continues to suffer dilution of the distinctive quality and the tarnishing of the BARBIE® mark.  The Trademark Defendants will continue, unless restrained, to use Mattel's BARBIE® mark and will cause irreparable damage to Mattel.  Mattel has no adequate remedy at law.  Mattel is entitled to an injunction, under 15 U.S.C. §§ 1125(c)(1) and 1116(a), restraining

10

the Trademark Defendants, their officers, agents, servants, employees and attorneys, and all persons acting in concert with any of them, from engaging in further acts of dilution.

65.    Mattel is further entitled to recover from the Trademark Defendants the actual damages it sustained as a result of the Trademark Defendants' infringing acts, and the Trademark Defendants' profits from their infringing acts, pursuant to 15 U.S.C. § 1117(a), in an amount to be determined by the trier of fact.

66.    Because of the willful nature of the Trademark Defendants' wrongful acts, Mattel is entitled to an award of treble damages pursuant to 15 U.S.C. § 1117(a).

67.    Mattel is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. §§ 1117(a).

A FIFTH CLAIM FOR RELIEF
(Infringement of the BARBIE® Illustration Copyright Under 17 U.S.C. §§ 106, 501
– Against The Copyright Defendants)

68.    Mattel incorporates by reference each allegation contained in paragraphs 1 through 67 above as if fully stated herein.

69.    Mattel owns the copyright in the BARBIE® Illustration, and the BARBIE® Illustration Registration, which are valid and enforceable.

70.    The Copyright Defendants infringed the copyright registered in the BARBIE® Illustration in at least the following ways.

71.    The Copyright Defendants infringed the copyright in the BARBIE® Illustration by reproducing it in violation of 17 U.S.C. § 106(1).

72.    The Copyright Defendants infringed the copyright in the BARBIE® Illustration by distributing copies of the BARBIE® Illustration in violation of 17 U.S.C. § 106(5).

73.    The Copyright Defendants' use of the copyright in the BARBIE® Illustration is

not a "fair use" within the meaning of 17 U.S.C. § 107 because, among other reasons, The Copyright Defendants' use (a) is for a commercial purpose and (b) impairs Mattel's market for that copyright.

74.     Upon information and belief, The Copyright Defendants' foregoing acts of infringement were willful and/or in reckless disregard to Mattel's rights.

75.     As a direct result of The Copyright Defendants' infringements of the copyright in the BARBIE® Illustration, Mattel is entitled, pursuant to 17 U.S.C. § 504(b), to its damages and/or the Copyright Defendants' profits from the infringements.

76.     Alternatively, Mattel is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) of up to $150,000 for the willful infringement of the copyright in the BARBIE® Illustration.

WHEREFORE, Mattel demands judgment:

1.     Finding that Defendants violated Mattel's trademark rights under 15 U.S.C. § 1114, 15 U.S.C. § 1116(d)(1), 15 U.S.C. § 1125(a), and 15 U.S.C. § 1125(c)(1);

2.     Finding that Defendants violated Mattel's copyright rights under 17 U.S.C. § 106;

3.     Enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, preliminarily during the pendency of this action and permanently thereafter, from:

    a.  Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods under Mattel's BARBIE® mark, or any other mark, name, symbol, or logo that incorporates or is confusingly similar to Mattel's BARBIE® mark;

    b.  Selling any product in connection with a counterfeit of Mattel's BARBIE® mark;

     c.   Falsely designating Mattel as the source of their goods, falsely implying that Mattel endorsed Defendants' goods, or engaging in any act which constitutes an unfair method of competition with Mattel and from otherwise interfering with, or injuring, Mattel's BARBIE® mark or the goodwill associated with it;

     d.   Engaging in any act which dilutes the distinctive quality of Mattel's BARBIE® mark; and

     e.   Infringing the copyright in the BARBIE® Illustration in violation of 17 U.S.C. § 501;

4.     Granting Mattel damages against Defendants, including treble and/or statutory damages, according to proof at trial;

5.     Awarding Mattel its damages or Defendants' profits, or alternatively, at Mattel's election, statutory damages, as a result of Defendants' willful infringement of the copyright in the BARBIE® Illustration;

6.     Ordering that Defendants account to Mattel for any and all profits earned as a result of Defendants' aforesaid acts of infringement in violation of Mattel's rights under the Lanham Act;

7.     Granting an award of treble damages, treble profits or statutory damages pursuant to 15 U.S.C. § 1117 for Defendants' infringement and/or counterfeiting of Mattel's BARBIE® mark;

8.     Directing that Defendants engage in such additional activities, including, but not limited to, recalls of products and corrective advertising, as may be necessary and appropriate to mitigate the damage Defendants have caused;

9.     Granting Mattel its costs, expenses, and reasonable attorney's fees;

10.    Granting Mattel pre-judgment interest; and

11.    Granting Mattel such other and further relief as is just and proper.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mattel hereby demands a

trial by jury of all issues in this action that are so triable.

Dated: New York, New York
      March 17, 2021

DUNNEGAN & SCILEPPI LLC

By _Willi Dunnegan_
      William Dunnegan (WD9316)
      wd@dunnegan.com
      Laura Scileppi (LS0114)
      ls@dunnegan.com
Attorneys for Plaintiff
      Mattel, Inc.
437 Madison Avenue, 24th Floor
New York, New York 10022
(212) 332-8300

14