UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| MATTEL, INC., | : | |
| Plaintiff, | : | |
| -against- | : | 21 Civ. |
| THE ENTITIES DOING BUSINESS AS | : | |
| UNICORN ELEMENT AT THE URL | | |
| UNICORNELEMENT.NET, THE | : | |
| ENTITIES DOING BUSINESS AS THE | | |
| PAYPAL MERCHANT, THE | : | |
| ENTITIES DOING BUSINESS USING | | |
| THE EMAIL ADDRESS | : | |
| CHRIS_WONG601@YAHOO.COM, | | |
| THE ENTITIES DOING BUSINESS | : | |
| ON AMAZON.COM UNDER THE | | |
| BRAND NAME ZITA ELEMENT, | : | |
| UNDER THE STORE NAME ZITA | | |
| ELEMENT, AND/OR UNDER | : | |
| THE BUSINESS NAME YANG | | |
| LIUHUI, THE ENTITIES DOING | : | |
| BUSINESS ON AMAZON.COM | | |
| UNDER THE BRAND NAME ECORE | : | |
| FUN, UNDER THE STORE NAME | | |
| EC2TOY, AND/OR UNDER THE | : | |
| BUSINESS NAME HUANG QIONG, | | |
| EMMS TRADING GMBH, ZHIJIAN LI, | : | |
| YANG LIUHUI, HUANG QIONG, | | |
| JOHN DOE NOS. 1-5, AND ABC | : | |
| ENTITY NOS. 1-5, | | |
| | : | |
| Defendants. | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MEMORANDUM OF PLAINTIFF IN SUPPORT OF
ITS MOTION FOR AN ATTACHMENT ORDER
AND A TEMPORARY RESTRAINING ORDER

DUNNEGAN & SCILEPPI LLC
Attorneys for Plaintiff
437 Madison Avenue, 24th Floor
New York, New York 10022
(212) 332-8300

## **Table of Contents**

Table of Authorities ....................................................................................................... ii

Preliminary Statement ....................................................................................................1

Statement of Facts ..........................................................................................................2

     A.     Mattel's Business ..........................................................................................2

     B.     Mattel's Ownership Of The BARBIE® Mark .........................................2

     C.     Mattel's Copyright In The BARBIE® Illustration ................................2

     D.     Defendants' Infringing Sales .......................................................................3

Argument .........................................................................................................................4

     I.     THE COURT SHOULD ATTACH THE FUNDS
          OF DEFENDANTS AT AMAZON AND PAYPAL .............................4

          A.     Mattel Has A Cause Of Action ...................................................5

          B.     Mattel Has Demonstrated A Probability Of Success ..................5

          C.     Mattel Has Grounds For Attachment ..........................................9

          D.     Defendants Have No Counterclaim ...........................................10

          E.     The Amount Of Attachment Will Be Appropriate ....................11

          F.     The Court Has Jurisdiction To Attach
               The Funds At Amazon And PayPal ...........................................12

          G.     The Court Should Exercise Its Discretion To Attach
               Defendants' Funds At Amazon And PayPal ...............................12

     II.     THE COURT SHOULD ENTER A
          TEMPORARY RESTRAINING ORDER ...........................................15

Conclusion ....................................................................................................................17

## Table of Authorities

**Cases**

*AllStar Marketing Group, LLC v. 53 Romantic House Store, et al.*,
20 Civ. 9072 (PAE)(Nov. 13, 2020) ....................................................................... 13

*AllStar Marketing Group, LLC v. *Warm Your House* Store, et al*.,
20 Civ. 8405 (AT)(Nov. 16, 2020) ......................................................................... 15

*Bang & Olufsen A/S v. 15626122961 et al.*,
20 Civ. 10416 (JPO)(Jan. 21, 2021) ....................................................................... 14

*Capital Ventures Int'l v. Republic of Argentina*,
443 F.3d 214 (2d Cir. 2006).................................................................................... 12

*Castle Rock Entm't v. Carol Pub. Grp., Inc.*,
955 F. Supp. 260 (S.D.N.Y. 1997),
*aff'd sub nom.*
*Castle Rock Entm't, Inc. v. Carol Pub. Grp., Inc.*,
150 F.3d 132 (2d Cir. 1998).................................................................................... 11

*Elastic Wonder, Inc. v. Posey*,
179 F. Supp.3d 307 (S.D.N.Y. 2016)..................................................................... 5-6

*Elsevier, Inc., et al., v. 7YEC.com, et al.*,
20 Civ. 8438 (LLS)(Nov. 4, 2020) ......................................................................... 14

*Elsevier Inc., et al., v. Han, et al.*,
16 Civ. 1245 (RA)(Mar. 28, 2018) ......................................................................... 13

*Elsevier Inc., et al., v. Luong, et al.*,
16 Civ. 1243 (JMF) (May 27, 2016)........................................................................ 14

*Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.*,
807 F.2d 1110 (2d Cir.1986)................................................................................... 11

*Gelicity UK Ltd. v. Jell-E-Bath, Inc.*,
2013 WL 3315398 (E.D.N.Y. July 1, 2013) ............................................................. 5

*Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*,
206 F. Supp.3d 869 (S.D.N.Y. 2016),
*reconsideration denied*,
2016 WL 6652733 (S.D.N.Y. Nov. 10, 2016) ........................................................... 5

*Hotel 71 Mezz Lender LLC v. Falor*,
14 N.Y.3d 303, 926 N.E.2d 1202 (2010).................................................................. 12

*John Wiley & Sons, Inc. v. Kirtsaeng,*
2009 WL 3003242 (S.D.N.Y. Sept. 15, 2009)...................................................... 16

*JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs.,*
306 F. Supp.2d 482 (S.D.N.Y. 2004).......................................................................... 5

*Mattel, Inc. v. 2013CheapBuy,*
18 Civ. 11647 (PKC)(Dec. 20, 2018) ...................................................................... 13

*Mattel, Inc. v. 86755, et al.,*
18 Civ. 8825 (PJC)(order entered by Rakoff, J.)(Dec. 17, 2018) ................................ 14

*Mattel, Inc. v. Animefun Store, et al.,*
18 Civ. 8824 (LAP)(Oct. 18, 2018) ........................................................................ 14

*Mattel, Inc. v. Barbiego, et al.,*
20 Civ. 11069 (VB, Part I)(S.D.N.Y.) ..................................................................... 17

*Mattel, Inc. v. GoodMeNow, et al.,*
20 Civ. 11075 (NRB)(S.D.N.Y.) ............................................................................ 17

*Mattel, Inc. v. Powerwheelstoys, et al.,*
20 Civ. 10487 (ALC)(S.D.N.Y.)........................................................................16-17

*Mattel, Inc. v. Procount Bus. Servs.,*
2004 WL 502190 (S.D.N.Y. Mar. 10, 2004) .............................................................. 9

*Mattel, Inc. v. Rosewholesale, et al.,*
19 Civ. 497 (KPF)(S.D.N.Y.) .......................................................................... 13, 16

*Mattel, Inc. v. SmartEcom LLC, et al.,*
18 Civ. 7665 (VM)(S.D.N.Y.) ............................................................................... 16

*Mattel, Inc. v. Stickit Graphix, et al.,*
20 Civ. 10684 (SHS, Part I)(S.D.N.Y.) ................................................................... 17

*Mattel, Inc. v. Uenjoy LLC, et al.,*
18 Civ. 7896 (PKC)(S.D.N.Y.)............................................................................... 16

*Mattel, Inc. v. Yokawa Network Limited,*
20-cv-11075 (NRB) ............................................................................................ 15

*McGraw-Hill Global Education Holdings, LLC, et al. v. Does 1-11,*
16 Civ. 9029 (KBF) (Dec. 5, 2016) ........................................................................ 14

*McGraw-Hill Global Education Holdings, LLC, et al. v. Khan, et al.,*
16 Civ. 9030 (PGG) (Dec. 5, 2016) .............................................................. 14

*Pearson Education, Inc. et al., v. Amir,*
12 Civ. 7914 (RWS)(Nov. 7, 2012) .............................................................. 15

*Pearson Education, Inc. v. Does 1-5,*
15 Civ. 2747 (VEC)(Apr. 23, 2015) .............................................................. 13

*Pearson Education, Inc., et al., v. Gayathi, et al.,*
16 Civ. 1248 (CM)(Mar. 8, 2016) .............................................................. 14

*Pearson Education, Inc. v. Henry Nugroho, et al.,*
08 Civ. 8034 (DAB)(May 22, 2009) .............................................................. 13

*Pearson Education, Inc., et al., v. Jabber, et al.,*
16 Civ. 1244 (PAE)(RJS, by designation)(Mar. 8, 2016) ........................... 15

*Pearson Education, Inc., et al., v. Tan, et al.,*
16 Civ. 1246 (ALC)(Mar. 29, 2016) .............................................................. 13

*Pearson Education, Inc. et al., v. Ventura,*
13 Civ. 8236 (ER)(Feb. 10, 2014) .............................................................. 14

*Shenzhen Smoore Technology Ltd. v. Anuonuo International Trade Company, et al.,*
19 Civ. 9896 (LGS)(Dec. 5, 2019) .............................................................. 14

*Sony Corp. of Am. v. Universal City Studios, Inc.,*
464 U.S. 417 (1984) .............................................................................. 7-8

*Twin Peaks Productions, Inc. v. Publications Intern, Ltd.,*
996 F.2d 1366 (2d Cir. 1993) .............................................................. 11

## Statutes and Rules

15 U.S.C. § 1057 ...................................................................................... 5-6

15 U.S.C. § 1114 .................................................................................. 5, 6-7

15 U.S.C. § 1116 ...................................................................................... 6-7

15 U.S.C. § 1117 ...................................................................................... 11

15 U.S.C. § 1125 ......................................................................................... 7

17 U.S.C. § 106 ...................................................................................... 7, 8

17 U.S.C. § 107.............................................................................................................................8

17 U.S.C. § 410.............................................................................................................................8

17 U.S.C. § 504...........................................................................................................................11

Fed. R. Civ. P. 64...................................................................................................................4, 15

Fed. R. Civ. P. 65.......................................................................................................................15

N.Y. C.P.L.R. § 6201...............................................................................................................4, 9

N.Y. C.P.L.R. § 6210.................................................................................................................15

N.Y. C.P.L.R. § 6212...................................................................................................................4

N.Y. C.P.L.R. § 6214.................................................................................................................15

N.Y. C.P.L.R. § 6223.................................................................................................................11

Plaintiff Mattel, Inc. ("Mattel") respectfully submits this memorandum in support of its application for an order (i) attaching the funds at Amazon.com, Inc. ("Amazon") and PayPal, Inc. ("PayPal") of (a) the entities doing business as Unicorn Element at the URL www.unicornelement.net ("Unicorn Element"), (b) the entities doing business as the PayPal, Inc. ("PayPal") merchant 黄琼 (the "PayPal Merchant"), (c) the entities doing business using the email address Chris_Wong601@yahoo.com ("Chris_Wong601@yahoo.com"), (d) the entities doing business on amazon.com under the brand name Zita Element, under the store name Zita Element, and/or under the business name Yang Liuhui (collectively, "Zita Element"), (e) the entities doing business on amazon.com under the brand name Ecore Fun, under the store name EC2Toy, and/or under the business name Huang Qiong (collectively, "Ecore Fun"), (f) EMMS Trading GmbH ("EMMS"), (g) Zhijian Li ("Li"), (h) Yang Liuhui ("Liuhui"), and (i) Huang Qiong ("Qiong") (collectively, "Defendants"), and (ii) temporarily restraining *ex parte* Defendants' funds at Amazon and PayPal pending a hearing on the motion for an order of attachment.

## Preliminary Statement

Defendants have used the Internet to sell doll clothing and accessories using (i) advertisements that infringe, counterfeit, and dilute Mattel's Registered Trademark No. 3,287,023 for BARBIE®, and/or (ii) packaging that infringes Mattel's registered copyright VA 1-843-492 in its original illustrations.  Without an order of attachment for Defendants' funds that are subject to the jurisdiction of this Court, Defendants can quickly withdraw those funds and leave Mattel with no practical remedy for Defendants' unlawful conduct.  Mattel therefore seeks an order attaching the funds of Defendants at Amazon and PayPal to maintain the *status quo*, and ensure that any judgment Mattel obtains in this action is at least partially satisfied.

**Statement of Facts**

The relevant facts are set forth in the accompanying declarations of Michael Moore,

Emily H. Jaquez, Jennifer Rafuse, and William Dunnegan.

A.    Mattel's Business.

Mattel manufactures consumer products and is one of the world's most successful

manufacturers and marketers of toys, games, and playthings. (Moore Dec. ¶ 3)  One of those

products is the world-famous product line of dolls, doll clothes, and doll accessories, that Mattel

markets and sells under the BARBIE® mark. (Moore Dec. ¶ 4)

B.    Mattel's Ownership Of The BARBIE® Mark.

The BARBIE® mark is registered on the Principal Register of the U.S. Patent &

Trademark Office as U.S. Trademark Registration No. 3,287,023 (the "BARBIE® Registration"),

for, among other things, "a full line of dolls, doll clothing and doll accessories." (Moore Dec. ¶ 5,

Ex. A)  The BARBIE® Registration is valid and subsisting. (Moore Dec. ¶ 5)  Mattel owns the

BARBIE® Registration. (Moore Dec. ¶ 5)

The BARBIE® mark is famous throughout the United States, and the general public

recognizes the BARBIE® mark as indicating Mattel as the source of the products. (Moore Dec.

¶ 7)  The general public associates the BARBIE® mark with high quality, distinguishing Mattel's

products from those of its competitors. (Moore Dec. ¶¶ 6-7)

C.    Mattel's Copyright In The BARBIE® Illustration.

Mattel uses collections of illustrations in connection with its sales and marketing. (Moore

Dec. ¶ 8)  One of Mattel's collections of illustrations is entitled "Barbie A Fashion Fairytale Fall

2010 Entertainment Style Guide," which contains a certain illustration of a BARBIE® doll (the

"BARBIE® Illustration"). (Moore Dec. ¶ 8)  Mattel is the author of the BARBIE® Illustration,

and has at all times been the sole owner of all right, title and interest in the copyright in it. (Moore Dec. ¶ 8)  Mattel registered the copyright in the BARBIE® Illustration with the United States Copyright Office. (Moore Dec. ¶ 9)  On or about January 22, 2013, Mattel received for its work Copyright Registration Number VA 1-843-492, which is valid and enforceable. (Moore Dec. ¶ 9, Exs. B and C)

D.     Defendants' Infringing Sales.

Defendants sell doll clothing and accessories on Amazon, and/or on their website www.unicornelement.net (the "Unicorn Element website"), using advertisements that infringe, counterfeit, and dilute Mattel's registered BARBIE® mark, and/or packaging that infringes Mattel's registered copyright in the BARBIE® Illustration.

Defendants Unicorn Element, the PayPal Merchant, Chris_Wong601@yahoo.com, Ecore Fun, Li, and Qiong, (collectively, the "Trademark Defendants") used "BARBIE" in connection with their online listings for doll clothing and accessories. (Rafuse Dec. ¶¶ 4-13)  The Trademark Defendants contracted to sell and/or shipped to a representatives of Mattel products under the mark "BARBIE," using advertising that infringes, counterfeits, and dilutes the BARBIE® mark. (Rafuse Dec. ¶¶ 4-14)  Some of the Trademark Defendants accepted money for the sale through PayPal (Rafuse Dec. ¶ 10), and represented that they would ship the products into this District. (Rafuse Dec. ¶¶ 7-10, 14)  Some of the Trademark Defendants also accept money through Amazon. (Rafuse Dec. ¶¶ 4-6)

Defendants Unicorn Element, the PayPal Merchant, Chris_Wong601@yahoo.com, Zita Element, EMMS, Li, Liuhui, and Qiong (collectively, the "Copyright Defendants") reproduced and/or distributed the BARBIE® Illustration on the packaging of their doll clothing and accessories. (Jaquez Dec. ¶ 9, Ex. H; Rafuse Dec. ¶¶ 3, 7-13)  The Copyright Defendants

3

manufactured, contracted to sell, and/or shipped to a representative of Mattel, a product with packaging bearing a copy of the BARBIE® Illustration. (Jaquez Dec. ¶¶ 3-10; Moore Dec. ¶¶ 9, 12 and Ex. C)  Some of the Copyright Defendants accepted money for the sale through Amazon's platform, and represented that they would ship the product into this District. (Jaquez Dec. ¶¶ 4-10)  Some of the Copyright Defendants also accept money through PayPal. (Rafuse Dec. ¶ 10)

Although Defendants appear to be located in China and/or Germany (Jaquez Dec. ¶¶ 6-9, Exs. F, H; Rafuse Dec. ¶¶ 3-6, 12-13, Exs. K, M, N, S, T; Dunnegan Dec. ¶¶ 7-8), Defendants (i) contracted to sell, and/or shipped, products into the State of New York (Jaquez Dec. ¶¶ 6-9, Exs. G-I; Rafuse Dec. ¶¶ 9-10, Exs. Q-R, U), and (ii) Mattel's claims arise out of those sales.

## Argument

### I.

### THE COURT SHOULD ATTACH THE FUNDS OF DEFENDANTS AT AMAZON AND PAYPAL

Rule 64 of the Federal Rules of Civil Procedure allows this Court to grant the pre-judgment remedies available under the laws of the state in which it sits.

"(a) Remedies Under State Law – In General. At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies."

N.Y. C.P.L.R. § 6212 authorizes prejudgment attachment once a plaintiff shows:

"[A] that there is a cause of action, [B] that it is probable that the plaintiff will succeed on the merits, [C] that one or more grounds for attachment provided in section 6201 exist, and [D] that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff."

4

A.    Mattel Has A Cause Of Action.

Mattel's complaint asserts, among other valid claims, valid claims for trademark infringement, counterfeiting, false designation of origin, and copyright infringement. (Dkt. 1 at ¶¶ 1-76)

B.    Mattel Has Demonstrated A Probability Of Success.

"In determining whether there is a likelihood of success on the merits, all legitimate inferences should be drawn in favor of the party seeking the attachment." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs.*, 306 F. Supp.2d 482, 485 (S.D.N.Y. 2004).

1.    Mattel Meets The Elements Of A Claim For
      Trademark Infringement Under 15 U.S.C. § 1114(1)(a).

"'[T]he elements of a trademark infringement claim under the Lanham Act [15 U.S.C. § 1114(1)(a)] are: (1) that the plaintiff holds a valid mark entitled to protection; (2) that the defendant used the mark; (3) in commerce; (4) in connection with the sale or advertising of goods or services; (5) without plaintiff's consent; and (6) that the defendant's use of a similar mark is likely to cause confusion.'" *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp.3d 869, 900 (S.D.N.Y. 2016), *reconsideration denied*, 2016 WL 6652733 (S.D.N.Y. Nov. 10, 2016) (quoting *Gelicity UK Ltd. v. Jell-E-Bath, Inc.*, 2013 WL 3315398, at *3 (E.D.N.Y. July 1, 2013)).

For the first element, Mattel owns the trademarks in the BARBIE® mark that is the subject of this motion. (Moore Dec. ¶ 5)  A Certificate of Trademark Registration is *prima facie* evidence that a trademark is valid. *Elastic Wonder, Inc. v. Posey*, 179 F. Supp.3d 307, 314 (S.D.N.Y. 2016)("Posey's certificate of trademark registration is *prima facie* evidence of (1) the validity of the mark, (2) the registrant's ownership thereof, and (3) the registrant's exclusive right to use the mark in commerce on or in connection with the goods or services specified in the

certificate. 15 U.S.C. § 1057(b).").  The Certificate of Trademark Registration, attached as Exhibit A to the Moore Declaration, therefore creates a *prima facie* case that the BARBIE® mark is valid.

For the second, third, and fourth elements of trademark infringement, the Trademark Defendants (1) used "BARBIE" (2) in commerce (3) in connection with the Trademark Defendants' advertisements of doll clothing and accessories on Amazon and on the Unicorn Element website. (Rafuse Dec. ¶¶ 4-8, Exs. L-P).

For the fifth element, the Trademark Defendants used "BARBIE" in its product advertising without Mattel's consent.  Mattel and the Trademark Defendants never entered into any license or agreement that permitted the Trademark Defendant to use the BARBIE® mark. (Moore Dec. ¶ 11)

For the sixth element, the Trademark Defendant used Mattel's "BARBIE" to market non-Mattel doll clothing and accessories. (Moore Dec. ¶ 10)  Therefore, the Trademark Defendants' continued use of "BARBIE" is likely to cause consumer confusion.

2.     Mattel Meets The Elements Of A Claim For
        Trademark Counterfeiting Under 15 U.S.C. § 1114(1)(a).

The Lanham Act provides a cause of action against any party that uses a counterfeit mark in connection with the sale of goods or services in a way that is likely to cause confusion. 15 U.S.C. § 1114(1)(a) states:

"(1) Any person who shall, without the consent of the registrant--

(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; ….

shall be liable in a civil action by the registrant for the remedies hereinafter provided."

The Lanham Act defines the term "counterfeit mark" as:

"a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered;"

15 U.S.C. § 1116(d)(1)(B)(i).  Here, the Trademark Defendants used "BARBIE," which is identical to Mattel's BARBIE® mark, in connection with the sale of products similar to Mattel's BARBIE® products. (Rafuse Dec. ¶¶ 7-14, Exs. O-R; Moore Dec. ¶ 10)

> 3.   Mattel Meets The Elements Of A Claim For False Designation Of Origin Under 15 U.S.C. § 1125(a).

The Lanham act defines false designation of origin as:

"(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person,"

15 U.S.C. § 1125(a).  Here, the Trademark Defendants used "BARBIE" in their advertising for their non-Mattel doll clothing and accessories. (Rafuse Dec. ¶¶ 4-14, Ex. L-P; Moore Dec. ¶ 10) This is likely to cause confusion because the general public is unlikely to know that these are not actual BARBIE® products.

> 4.   Mattel Meets The Elements Of A Claim For Copyright Infringement Under 17 U.S.C. § 106.

The elements of a claim for copyright infringement are ownership of a valid copyright, and an infringement of one of the copyright owner's exclusive rights. *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 433 (1984)("'Anyone who violates any of the exclusive rights of the copyright owner,' that is, anyone who trespasses into his exclusive

domain by using or authorizing the use of the copyrighted work in one of the five ways set forth in the statute, 'is an infringer of the copyright.'").

Section 106 of the Copyright Act defines the copyright owner's exclusive rights, in relevant part, as:

> "Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:
>
> (1)    to reproduce the copyrighted work in copies or phonorecords;
>
> *       *       *
>
> (5)    in the case of. . . sculptural works. . . to display the copyrighted work publicly. . ."

17 U.S.C. § 106.

Here, Mattel owns a registered copyright in the BARBIE® Illustration. (Moore Dec. ¶¶ 8-9)  Under the Copyright Act, the Court should presume that this copyright is valid and enforceable. 17 U.S.C. § 410(c)("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.").

The Copyright Defendants infringed Mattel's exclusive rights in its copyrighted work by reproducing and/or distributing copies of the BARBIE® Illustration on the packaging of their doll clothing and accessories. (Jaquez Dec. ¶ 9, Ex. H; Moore Dec. ¶¶ 12-13)

Accordingly, Mattel has established a likelihood of success on its claim that the Copyright Defendants infringed the registered copyright in the CEO BARBIE® Doll Sculpture.

The Copyright Defendants' use is not a fair use under 17 U.S.C. § 107 because the purpose of the Copyright Defendants' uses of Mattel's copyrighted work is commercial.  The Copyright Defendants' uses do not involve criticism, comment, news reporting, teaching, scholarship or research.  To the contrary, the Copyright Defendants are using Mattel's

8

copyrighted work to attempt to increase their own sales.  In the process, the Copyright

Defendants are depriving Mattel of licensing revenue from its copyright.

The Court has jurisdiction over the Copyright Defendants because they have contracted

to ship goods into this jurisdiction as a result of an Internet infringement. *Mattel, Inc. v. Procount*

*Bus. Servs.*, 2004 WL 502190, at *1-2 (S.D.N.Y. Mar. 10, 2004)("Personal jurisdiction is proper

as Defendants solicited sales over the internet, accepted an order from a resident of this state, and

shipped goods into this state to fill that order.")(Footnote omitted)

C.    Mattel Has Grounds For Attachment.

N.Y. C.P.L.R. § 6201 provides:

"An order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when:

> 1.    The defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state ..."

Mattel meets the requirements under N.Y. C.P.L.R. § 6201(1), because this is an action

for a monetary judgment, and the evidence demonstrates that Defendants are located outside of

the State of New York. (Jaquez Dec. ¶¶ 7-9, Exs. G and H; Rafuse Dec. ¶¶ 3, 5-6, 12-13, Exs. K,

M-N, S-T; Dunnegan Dec. ¶¶ 7-8)

The Unicorn Element website, states that its brands include "Ecore Fun" and "Zita

Element." (Rafuse Dec. ¶ 7, Ex. O)  The Unicorn Element website does not provide identifying

information, but the ICANN domain name registration information for unicornelement.net

indicates that it is registered in China. (Rafuse Dec. ¶ 12, Ex. S)

Zhijian Li is listed as the registrant of the U.S. Trademark Registration for the mark

UNICORN ELEMENT®, with an address in Guangzhou, China. (Rafuse Dec. ¶ 13, Ex. T)

The Unicorn Element website accepts payment through the PayPal Merchant 黄 琼, which uses the email address Chris_Wong601@yahoo.com. (Rafuse Dec. ¶ 10, Ex. R)  The Google® translation of 黄 琼 is "Huang Qiong." (Rafuse Dec. ¶ 11)  However, the PayPal receipt does not provide any additional identifying information. (Rafuse Dec. ¶ 10)

The seller of the "Ecore Fun" brand of doll clothing and accessories on Amazon is called EC2Toy. (Rafuse Dec. ¶ 4, Ex. L)  The Amazon seller profile for EC2Toy states that its business name is Huang Qiong, and that its business address is located in Guangzhou, China. (Rafuse Dec. ¶ 5, Ex. M)

Huang Qiong is also listed as the registrant of the U.S. Trademark Registration for the mark ECORE FUN®, with an address in Guangzhou, China. (Rafuse Dec. ¶ 6, Ex. N)

The seller of the "Zita Element," brand of doll clothing and accessories on Amazon is called "Zita Element." (Jaquez Dec. ¶¶ 5-6, 9; Exs. E, F and H)  The Amazon seller profile for Zita Element identifies "Yang Liuhui" as Zita Element's business name, and provides a business address in Guangzhou, China. (Jaquez Dec. ¶ 6, Ex. F)

Yang Liuhui is also listed as the registrant of the U.S. Trademark Registration for the mark ZITA ELEMENT®, with an address in Yunfu, China. (Rafuse Dec. ¶ 3, Ex. K)

The package Ms. Jaquez received from Zita Element bears the entity name EMMS Trading GmbH, with an address in Neubiberg, Germany, and the URL www.unicornelement.net. (Jaquez Dec. ¶ 8, Ex. H)

D.      Defendants Have No Counterclaim.

Defendants have not asserted any counterclaim.  Mattel has therefore demonstrated the statutory basis for a prejudgment order of attachment.

E.      The Amount Of Attachment Will Be Appropriate.

The Court should attach the full amount that Defendants have available in their Amazon and PayPal accounts.  Mattel has created a *prima facie* case for the Trademark Defendants' infringement and counterfeiting of the BARBIE® mark.  Pursuant to 15 U.S.C. § 1117(c), potential statutory damages would create an award of up to $2,000,000.

Mattel has also presented a *prima facie* case that the Copyright Defendants willfully infringed the registered copyright in its BARBIE® Illustration.  The Copyright Defendants, at a minimum, recklessly disregarded the possibility that Mattel, one of the world's most successful manufacturers and marketers of toys, games, and playthings (Moore Dec. ¶ 3), did not own the copyright in one of its BARBIE® Illustrations.

Pursuant to 17 U.S.C. § 504(c), potential statutory damages would create a potential award of up to $150,000 for a willful infringement. *Castle Rock Entm't v. Carol Pub. Grp., Inc.*, 955 F. Supp. 260, 266–67 (S.D.N.Y. 1997), *aff'd sub nom. Castle Rock Entm't, Inc. v. Carol Pub. Grp., Inc.*, 150 F.3d 132 (2d Cir. 1998)("Though it is not essential to a finding of liability under the Copyright Act, the question of whether a defendant's infringement was willful does have a significant bearing upon the potential damages to be awarded in connection with the violation. *See* 17 U.S.C. § 504(c)(2). '[A] court need not find that an infringer acted maliciously to find willful infringement.' *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.*, 807 F.2d 1110, 1115 (2d Cir.1986). 'The standard is simply whether the defendant had knowledge that its conduct represented infringement or perhaps recklessly disregarded the possibility.'" *Twin Peaks [Productions, Inc. v. Publications Intern. Ltd.*, 996 F.2d 1366] at 1382 [(2d Cir. 1993)].'").

Defendants can always move to reduce the attachment pursuant to N.Y. C.P.L.R. § 6223.

F.    The Court Has Jurisdiction To Attach The Funds At Amazon And PayPal.

This Court has jurisdiction over the amounts Amazon and PayPal owe to Defendants

because Amazon and PayPal are amenable to suit in this State. *Hotel 71 Mezz Lender LLC v.*

*Falor*, 14 N.Y.3d 303, 315, 926 N.E.2d 1202, 1210 (2010)("In short, under *Harris*, where a

creditor seeks to attach a debt (an intangible form of property) solely for security purposes (i.e.,

the debtor is subject to the court's personal jurisdiction), the situs of the debt is wherever the

debtor is present.").  Amazon and PayPal have consented to the jurisdiction of this Court in these

types of cases. (Dunnegan Dec. ¶ 17)

G.    The Court Should Exercise Its Discretion
      To Attach Defendants' Funds At Amazon And PayPal.

Once a plaintiff demonstrates the statutory basis for a prejudgment order of attachment,

the Court has limited discretion to deny an attachment.  In reversing an order denying an

attachment, the Court of Appeals in *Capital Ventures International v. Republic of Argentina*, 443

F.3d 214, 222 (2d Cir. 2006), held:

> "In sum, then, a motion court presented with an application for an order of attachment
> must determine whether a statutory ground for attachment exists, whether the applicant
> has established a likelihood of success on the merits, and whether the remedy is needed
> to secure payment or obtain jurisdiction. It has discretion to the extent that these
> determinations require weighing of evidence and also in balancing competing
> considerations. It will be held to have abused that discretion only if it 'applies legal
> standards incorrectly or relies upon clearly erroneous findings of fact, or proceeds on the
> basis of an erroneous view of the applicable law.' **Where, however, a statutory ground
> for attachment exists and both need and likelihood of success are established, its
> discretion does not permit denial of the remedy for some other reason, at least
> absent extraordinary circumstances and perhaps even then**." (emphasis
> added)(citation omitted).

Here, an order of attachment would almost certainly be necessary to enforce the judgment

that Mattel reasonably expects to recover against Defendants.  Defendants are likely located in

China and Germany. (Dunnegan Dec. ¶¶ 10-11)  Beyond the amounts Amazon and PayPal hold,

there is no evidence that Defendants have any assets that are subject to the jurisdiction of this Court, and Defendants are unlikely to satisfy Mattel's potential judgment of up to $2,150,000. (Dunnegan Dec. ¶¶ 9-12)  The garnishees are within the Court's jurisdiction, and have consented to jurisdiction in similar matters. (Dunnegan Dec. ¶ 17)

At least 20 judges in this District have (after the issuance of a TRO) entered an order (i) attaching, (ii) preliminarily enjoining the transfer of, or (iii) compelling the turnover of a defendant's funds held at third party financial institutions.

- <u>Judge Abrams</u>

  *Elsevier Inc., et al., v. Han, et al.*, 16 Civ. 1245 (RA)(Mar. 28, 2018)(Dkt. 48)

- <u>Judge Batts</u>

  *Pearson Education, Inc. v. Henry Nugroho, et al.*, 08 Civ. 8034 (DAB)(May 22, 2009)(Dkt. 21)

- <u>Judge Caproni</u>

  *Pearson Education, Inc. v. Does 1-5*, 15 Civ. 2747 (VEC)(Apr. 23, 2015)(Dkt. 13)

- <u>Judge Carter</u>

  *Pearson Education, Inc., et al., v. Tan, et al.*, 16 Civ. 1246 (ALC)(Mar. 29, 2016)(Dkt. 19)

- <u>Judge Castel</u>

  *Mattel, Inc. v. 2013CheapBuy*, 18 Civ. 11647 (PKC)(Dec. 20, 2018)(Dkt. 10)

- <u>Judge Englemayer</u>

  *AllStar Marketing Group, LLC v. 53 Romantic House Store, et al.*, 20 Civ. 9072 (PAE)(Nov. 13, 2020)(Dkt. 6)

- <u>Judge Failla</u>

  *Mattel, Inc. v. Rosewholesale, et al.*, 19 Civ. 497 (KPF)(Jan. 31, 2019)(Dkt. 22)

13

- Judge Forrest

  *McGraw-Hill Global Education Holdings, LLC, et al. v. Does 1-11*, 16 Civ. 9029 (KBF)
  (Dec. 5, 2016)(Dkt. 13)

- Judge Furman

  *Elsevier Inc., et al., v. Luong, et al.*, 16 Civ. 1243 (JMF) (May 27, 2016)(Dkt. 21)

- Judge Gardephe

  *McGraw-Hill Global Education Holdings, LLC, et al. v. Khan, et al.*, 16 Civ. 9030 (PGG)
  (Dec. 5, 2016)(Dkt. 15)

- Judge McMahon

  *Pearson Education, Inc., et al., v. Gayathi, et al.*, 16 Civ. 1248 (CM)(Mar. 8, 2016)(Dkt.
  19)

- Judge Oetken

  *Bang & Olufsen A/S v. 15626122961 et al.*, 20 Civ. 10416 (JPO)(Jan. 21, 2021)(Dkt. 13)

- Judge Preska

  *Mattel, Inc. v. Animefun Store, et al.*, 18 Civ. 8824 (LAP)(Oct. 18, 2018)(Dkt. 9)

- Judge Rakoff

  *Mattel, Inc. v. 86755, et al.*, 18 Civ. 8825 (PJC)(order entered by Rakoff, J.)(Dec. 17,
  2018)(Dkt. 47)

- Judge Ramos

  *Pearson Education, Inc. et al., v. Ventura*, 13 Civ. 8236 (ER)(Feb. 10, 2014)(Dkt. 12)

- Judge Schofield

  *Shenzhen Smoore Technology Ltd. v. Anuonuo International Trade Company, et al.*, 19
  Civ. 9896 (LGS)(Dec. 5, 2019) (Dkts. 25, 28)

- Judge Stanton

  *Elsevier, Inc., et al., v. 7YEC.com, et al.*, 20 Civ. 8438 (LLS)(Nov. 4, 2020)(Dkt. 45)

14

- Judge Sullivan

  *Pearson Education, Inc., et al., v. Jabber, et al.*, 16 Civ. 1244 (PAE)(RJS, by designation)(Mar. 8, 2016) (Dkt. 16)

- Judge Sweet

  *Pearson Education, Inc. et al., v. Amir*, 12 Civ. 7914 (RWS)(Nov. 7, 2012)(Dkt. 6)

- Judge Torres

  *AllStar Marketing Group, LLC v. *Warm Your House* Store, et al,*, 20 Civ. 8405 (AT)(Nov. 16, 2020)(Dkt. 24)

  *Cf. Mattel, Inc. v. Yokawa Network Limited*, 20-cv-11075 (NRB)(Dkt. 55)(finding an

attachment unnecessary because Mattel could enforce any judgment in Hong Kong).

Unless the Court attaches the funds in Defendants' accounts at Amazon and PayPal,

Defendants may transfer the funds from Amazon and PayPal, preventing Mattel from enforcing

any judgment it obtains against Defendants.

## II.

### THE COURT SHOULD ENTER A
### TEMPORARY RESTRAINING ORDER

To prevent Mattel from sustaining irreparable harm as a result of funds (which could

otherwise be used to satisfy a judgment) being transferred beyond the reach of the Court, the

Court should temporarily restrain Defendants' accounts at Amazon and PayPal pending the

hearing on Mattel's application for an order of attachment.

The Court has authority to enter such an order.  Pursuant to Rules 64 and 65 of the

Federal Rules of Civil Procedure and N.Y. C.P.L.R. § 6210, the Court may enter a temporary

restraining order of attachment without notice.  That section provides "[u]pon a motion on notice

for an order of attachment, the court may, without notice to the defendant, grant a temporary

restraining order prohibiting the transfer of assets by a garnishee as provided in subdivision (b) of section 6214."

Once Defendants have knowledge of an order to show cause, Defendants can transfer funds out of the United States virtually instantaneously. Technology and the instant accessibility of funds make it more likely that Defendants will withdraw or transfer funds before the financial institution restrains those funds.  Mattel's attorneys have experience where defendants have moved money hours or minutes before the bank froze their accounts. (Dunnegan Dec. ¶ 13)  *See John Wiley & Sons, Inc. v. Kirtsaeng*, 2009 WL 3003242 at *1 (S.D.N.Y. Sept. 15, 2009)("Plaintiff's attorney's affidavit avers that he, on April 27 at 4:10 p.m., served by hand a copy of the Temporary Order of Attachment on Bank of America at its branch at 350 Fifth Avenue, New York, New York, and received a receipt [a copy of which is attached as Exhibit B] .... Nonetheless, as Plaintiff's attorney alleges, on April 28, Kirtsaeng withdrew $6,400 in U.S. Currency from his Bank of America account [and a copy of the subpoenaed statement is attached as Exhibit D].")(citations omitted).  If Defendants succeed in moving the funds, Mattel will almost certainly be unable to collect any judgment it ultimately obtains, and will thereby suffer irreparable harm.  Unless the Court temporarily restrains Defendants from removing funds from their Amazon and PayPal accounts pending its ruling on Mattel's application for an order of attachment, Defendants will have the ability to moot Mattel's application, and thereby inflict irreparable harm on Mattel.

Other Judges in this District have granted the type of relief Mattel now requests. *Mattel, Inc. v. Rosewholesale*, 19 Civ. 497 (KPF)(S.D.N.Y.)(Dkt. 22); *Mattel, Inc. v. Uenjoy LLC, et al.*, 18 Civ. 7896 (PKC)(S.D.N.Y.) (Dkts. 14 and 26); *Mattel, Inc. v. SmartEcom LLC, et al.*, 18 Civ. 7665 (VM)(S.D.N.Y.) (Dkt. 14); *Mattel, Inc. v. Powerwheelstoys, et al.*, 20 Civ. 10487 (ALC)

(S.D.N.Y.)(under seal); *Mattel, Inc. v. Stickit Graphix, et al.*, 20 Civ. 10684 (SHS, Part I)(S.D.N.Y.)(Dkts. 17 and 21); *Mattel, Inc. v. GoodMeNow, et al.*, 20 Civ. 11075 (NRB)(S.D.N.Y.)(Dkt. 19); *Mattel, Inc. v. Barbiego, et al.*, 20 Civ. 11069 (VB, Part I)(S.D.N.Y.)(under seal).

Because Mattel is willing to respond immediately to any application to vacate the temporary restraining order, the slight restraint that Mattel seeks should not cause any prejudice to Defendants.

### <u>Conclusion</u>

For the reasons set forth above, Mattel respectfully requests that the Court (i) attach Defendants' funds at Amazon and PayPal, and (ii) temporarily restrain *ex parte* those funds pending the hearing on the order of attachment.

Dated:  New York, New York
      March *17*, 2021

DUNNEGAN & SCILEPPI LLC

By _____
     William Dunnegan (WD9316)
     wd@dunnegan.com
     Laura Scileppi (LS0114)
     ls@dunnegan.com
     Attorneys for Plaintiff
      Mattel, Inc.
     437 Madison Avenue, 24th Floor
     New York, New York 10022
     (212) 332-8300