**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTEL, INC. *Plaintiff*, v. UNICORN ELEMENT et al. *Defendants*. | CASE NO. 1:21-cv-02333-VM **Judge: Hon.Victor Marrero** |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION FOR AN ATTACHMENT AND A TEMPORARY RESTRAINING ORDER**

**Table of Contents**

**INTRODUCTION**................................................................................................**2**

**LEGAL STANDARDS** .......................................................................................**2**

**ARGUMENTS**.....................................................................................................**3**

   **I.   ECORE FUN DID NOT INFRINGE THE "BARBIE" MARK**................................**3**

     **A.  Legal Standards for "Fair Use"** ...........................................**3**

     **B.  Three-Prong "Fair Use" Analysis** ........................................**3**

       1.   Non-Trademark Use.......................................................3

       2.   Defendant Used the Term Descriptively.......................4

       3.   Defendant Used the Term in Good Faith ......................5

   **II.  ZITA ELEMENT DID NOT INFRINGE THE COPYRIGHTED "BARBIE" ILLUSTRATION**..**5**

     **A.  Legal Standards for "Fair Use"** ...........................................**6**

     **B.  Four-Prong "Fair Use" Analysis** ..........................................**6**

       1.   Purpose and Character of the Use ................................6

       2.   Nature of the Copyrighted Work...................................8

       3.   The Amount and Substantiality of the Portion Used in Relation to the Copyrighted Work...............................................................................8

       4.   The Effect of the Use Upon the Potential Market for or Value of the Copyrighted Work...............................................................................9

**CONCLUSION** ...................................................................................................**9**

## INTRODUCTION

Defendants <u>EC2TOY</u> (a.k.a. <u>Ecore Fun</u>) and <u>ZITA ELEMENT</u> hereby submits their opposition to Plaintiff MATTEL, INC's ("Mattel" or "Plaintiff") Motion for an attachment and Motion for a temporary restraining order [ECF No. 22].

Plaintiff alleges Defendant Ecore Fun infringed its "BARBIE" trademark. [Compl. ¶ 28, ECF. No. 9]. Plaintiff alleges Defendant ZITA ELEMENT infringed its "BARBIE" Illustration. [Compl. ¶ 31, ECF. No. 9].

Plaintiff's allegations are conclusory and unsubstantiated. [Compl. §C, ¶¶27-33, ECF. No. 9]. Defendants are in the business of selling clothes and accessories for all type of dolls, including Barbie dolls. Defendants are not in the business of selling actual Barbie dolls or selling copyrighted Barbie illustrations.

Based on evidence provided by Plaintiff, Defendants did not infringe Plaintiff's "BARBIE" mark or copyrighted "BARBIE" artwork. Specifically, **I.** Defendant Ecore Fun used the word "Barbie" as a descriptive term to describe its own products, which constitutes a fair use; and **II.** Defendant ZITA ELEMENT's use of the copyrighted "Barbie" illustration constitutes a fair use.

## LEGAL STANDARDS

A plaintiff seeking an order of attachment must show "that there is a cause of action, that it is probable that the ***plaintiff will succeed on the merits***, that one or more grounds for attachment provided in Section 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff." *Capital Ventures Int'l v. Republic of Argentina*, 443 F.3d 214, 219 (2nd Cir, 2006).

To obtain a preliminary injunction, a party must establish **1)** irreparable harm absent injunctive relief, **2)** either ***a likelihood of success on the merits***, or a serious question going to the merits to make them a fair ground for trial, **3)** with a balance of hardships tipping decidedly in its favor. *IDG USA, LLC v. Schupp*, 416 Fed. Appx. 86, 87 (2nd Cir 2011) (quoting *Almontaser v. N.Y.C. Dep't of Educ.*, 519 F.3d 505, 508 (2d Cir. 2008) and *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 113-14 (2d Cir. 2006)).

**ARGUMENTS**

The "likelihood of success on the merit (or a serious question going to the merits)" is a common element required for both an order of attachment and a TRO (or preliminary injunction).

Here, Plaintiff failed to make a colorable showing of its "likelihood of success on the merit" in either its Trademark Infringement claim or its Copyright Infringement claim.

**I.   Ecore Fun Did Not Infringe the "BARBIE" Mark**

Ecore Fun did not infringe the "BARBIE" mark. Ecore Fun's use of the term "Barbie" constitutes a "fair use."

**A.   Legal Standards for "Fair Use"**

The Lanham Act provides that when a party "uses the words constituting [a registered] mark in a purely descriptive sense, this use may qualify as permissible fair use." *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 92, (2nd Cir, 2020) (quoting *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013)). "Crucially, a defendant may raise a fair use defense even where the challenged material is likely to cause some confusion." *Id*. (citing *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 121-22 (2004)).

To demonstrate fair use, a defendant must establish that it used the allegedly infringing term "**1)** other than as a mark; **2)** in a descriptive sense; and **3)** in good faith." *Id*. (citing *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 400 (2d Cir. 2009)).

**B.   Three-Prong "Fair Use" Analysis**

1.   Non-Trademark Use

A term is as a mark when the defendant "employs it as a symbol to attract public attention" or to "indicate the source" *Id*. (quoting *Kelly-Brown*, 717 F.3d at 306; 15 U.S.C. § 1127). "Whether a defendant has done so may entail an investigation into, inter alia, whether the challenged material appeared on the product "itself, on its packaging, or in any other advertising or promotional materials

related to the product, and the degree to which defendants were trying to create, through repetition . .

. an association between themselves and the mark." *Id.* (quoting *Kelly-Brown*, 717 F.3d at 310-11).

Based on the evidence provided by Plaintiff, the only discernible use of the term "BARBIE"

is in the product description of Ecore Fun's Amazon page [ECF No. 25-2].



No evidence shows that the term "BARBIE" is placed on the products on its packaging. No

evidence shows that the term "BARBIE" is used as a symbol to attract attention or as a source indicator.

Therefore, Ecore Fun's use of the term "BARBIE" is a non-trademark use.

2.   <u>Defendant Used the Term Descriptively</u>

"Whether a phrase is descriptive refers to its tendency to describe the goods in question in a broad

sense, including not only "words that describe a characteristic of the goods such as size or quality," but

also words or images that more abstractly identify some information about the goods in question. *Id.* (quoting *Cosmetically Sealed Indus. v. Chesebrough-Pond's USA Co.*, 125 F.3d 28, 30 (2d Cir. 1997)).

Here, the use of the term "Barbie" is to describe that the doll accessories are "***perfect fit with Barbie Doll***." The use of the term provides "information about the goods" rather than indicating the sources of the goods. The rest of the description "[perfect for] ***other 30cm/11.5" height doll***" further indicate the descriptive nature. Therefore, the mark was used as a descriptive term to describe the products.

      3.   <u>Defendant Used the Term in Good Faith</u>

The "good faith" prong of the fair use analysis is essentially "concerns the question whether the user of a mark intended to create consumer confusion as to source or sponsorship." *JA Apparel*, 568 F.3d at 401 (quoting *EMI Catalogue P'ship v. Hill, Holliday, Connors*, *Cosmopulos Inc.,* 228 F.3d 56, 66-67 (2d Cir. 2000)).

A defendant's use of plaintiff's mark was in good faith where defendant used its own distinctive mark to indicate the product's source, suggesting lack of intent to use plaintiff's mark as a trademark. *Ciociola v. Harley-Davidson Inc.*, 552 F. Supp. 2d 845, 864 (E.D. Wis. 2008),

Here, Defendant sells, promotes and advertises the products under its own trademark/brand name "**ECORE FUN.**" Acknowledged by Plaintiff, "**ECORE FUN**" is a registered mark. [ECF. No. 25-4]. "**ECORE FUN**" does not show or imply any association with "BARBIE" or "BARBIE" products. Defendant's use of its own distinctive mark suggests that it lacks the intent to confuse consumers.

Therefore, the term "BARBIE" was used in good faith. Consequently, the fair use proves that Defendant Ecore Fun's use of "BARBIE" is unlikely to cause confusion among consumers.

**II.** **<u>ZITA ELEMENT Did Not Infringe the Copyrighted "BARBIE" Illustration</u>**

ZITA ELEMENT did not infringe the copyrighted "BARBIE" Illustration [ECF No. 9-3]. ZITA ELEMENT's use of the copyrighted "BARBIE" Illustration constitutes a "fair use."

**A.  Legal Standards for "Fair Use"**

"Four nonexclusive factors—incorporating common law traditions—are properly considered in "determining whether the use made of a work in any particular case is a fair use." *TCA TV Corp. v. McCollum*, 839 F.3d 168, 178 (2nd Cir, 2016) (citing 17 U.S.C. § 107)

These statutory factors are as follows:

1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
2) the nature of the copyrighted work;
3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole;
4) the effect of the use upon the potential market for or value of the copyrighted work. *Id.*

**B.  Four-Prong "Fair Use" Analysis**

1.  Purpose and Character of the Use



**Copyrighted Barbie Artwork [ECF No. 9-3]**



**The only discernible use of the Copyrighted Barbie Artwork [ECF No. 24-5, p. 3]**





Defendant's Product - Girl Doll Closet          Defendant's use of the copyrighted artwork



Shown above, the only discernible use of the of the Copyrighted Barbie Artwork is on the

product cover [ECF No. 24-5, p. 3], in a framed portrait, as the background of an artistic creation of a

girl doll's bedroom, featuring ZITA ELEMENT's products – girl doll closet and multiple accessories.

Although the packaging is for commercial use, the packaging itself is a new work, only using the copyrighted artwork as part of the creation. The Second Circuit recognizes that "***the more transformative the new work***, the less [it] will be the significance of other factors, like commercialism." *TCA TV Corp*, 839 F.3d at 183.

Here, ZITA ELEMENT's use of the copyrighted artwork is highly transformative. Only a small portion of the copyrighted artwork is used as a decorative background of this new creation of a girl doll's bedroom. Therefore, this factor weighs in favor of Defendant.

2.   Nature of the Copyrighted Work

"This prong represents an acknowledgment that certain works are closer to the heart of copyright than others; fair use is therefore more difficult to establish when a core work is copied than when an infringer takes material that falls only marginally within copyright protection." *Adjmi v. DLT Entm't Ltd.*, 97 F. Supp. 3d 512, 532 (S.D.N.Y. 2015) (quoting *Leibovitz v. Paramount Pictures Corp.*, 948 F.Supp. 1214, 1217 (S.D.N.Y. 1996)).

The Supreme Court have found that the second factor is not "ever likely to help much in separating the fair use sheep from the infringing goats in a parody case, since parodies almost invariably copy publicly known, expressive works." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 586 (1994).

While the original artwork is a creative work, it assumes less importance in the overall fair use analysis relative to the other three factors. Furthermore, only a small portion of the original work was used by Defendant, and therefore, the "core work" was not copied by Defendant.

3.   The Amount and Substantiality of the Portion Used in Relation to the Copyrighted Work

Courts "consider the proportion of the original work used, and not how much of the secondary work comprises the original." *Cariou v. Prince*, 714 F.3d 694, 710 (2nd Cir, 2013).

Here, it is undeniable that only a small portion of the original work was used. Furthermore, the small portion of the original work used constitutes less than 5% of the new creation.

The unsubstantial use of the copyrighted work weights strongly in favor of Defendant.

4. The Effect of the Use Upon the Potential Market for or Value of the Copyrighted Work

"The copyright law is primary concerned with protecting the ability of a copyright holder to exploit the market for his work. Use of a copyrighted work which does not usurp the market for the copyrighted work leans the fourth factor favorably towards fair use." *TCA Television Corp. v. McCollum*, 151 F. Supp. 3d at 434 (S.D.N.Y. 2015) (quoting *Bill Graham Archives, LLC. v. Dorling Kindersley Ltd.*, 386 F. Supp. 2d 324, 331 (S.D.N.Y. 2005)).

Here, the original artwork was designed as a Movie Poster for the movie ***Barbie: A Fashion Fairytale (2010)***. Plaintiff did not make any specific allegation as to how Defendant's use would usurp the market for the copyrighted work. Defendant is not selling its products packaging as a movie poster. Therefore, it is unlikely that Defendant's use would usurp the market.

Accordingly, this factor weights in favor of Defendant. Consequently, ZITA ELEMENT's use of the copyrighted "BARBIE" Illustration constitutes a "fair use."

## **CONCLUSION**

Because both Defendants' uses constitute "fair use," Plaintiff has not made a colorable showing of "likelihood to success on the merit." For the foregoing reasons, Defendants respectfully request this Court deny Plaintiff's motion for an attachment and lift the temporary restraining order.

Respectfully Submitted:

Date: 04/28/2021

/s/ He Cheng
He Cheng, Esq.
GLACIER LAW PLLC
745 Fifth Ave., Ste. 500
New York, NY 10151
***Attorney for Defendants***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this April 28, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Respectfully Submitted:

Date: 04/28/2021

/s/ He Cheng

He Cheng, Esq.
GLACIER LAW PLLC
745 Fifth Ave., Ste. 500
New York, NY 10151
***Attorney for Defendants***